JOHN P. KNOWLES, Administrator, *v.* HARRIS & LIPPITT.

The remedy by action of account between co-owners of real and personal estate, given by ch. 209, § 1, of the Revised Statutes, is not confined to rents and profits of the joint estate actually received by one co-tenant in a greater share or proportion than by the other, but in case of the exclusive use, by one or more of the co-owners, of the joint property, consisting of a manufacturing estate, in the business of making cotton cloth for sale, extends to the fair rentable value of the excluded co-owner's share thereof, irrespective of the profits made, or which by skill and care might have been made, or of the losses suffered in his business by the occupying tenant during his term of exclusive occupation.

THIS was an action of account, brought against the defendants as co-owners with the plaintiff's intestate of a manufacturing establishment, in the town of Warwick, formerly owned by the Lippitt Manufacturing Company, and alleged to have been exclusively used by the defendants, from the 27th day of September, 1856, to the 11th day of June, 1857, to recover the pro-

portionate share of the income, profits, and use thereof, during the period aforesaid, due to the plaintiff's intestate. The case was sent to an auditor, and by his report it appeared, that the defendants had taken the manufacturing establishment into their exclusive possession during the aforesaid term, and used it in their business of manufacturing cotton cloth; the plaintiff's intestate being an owner of $\frac{90}{400}$ parts, and the defendants the owners of $\frac{295}{400}$ thereof; that the fair rent of the part belonging to the plaintiff's intestate during the term of exclusive occupation by the defendants, deducting necessary repairs, was $397.30; but that the defendants objected to the payment of any rent to the plaintiff for the use of his intestate's interest in the estate during their term of exclusive occupation, upon the ground, that they had made no profits from their business, but on the other hand had suffered losses during the term. The auditor overruled the objection, and reported in favor of the plaintiff the above sum of $397.30, as due on the 21st of October, 1858; that sum representing the proportion of rent fairly due to the intestate for his interest in the property during the period of exclusive occupation by the defendants.

*J. P. Knowles, pro seipso*, now moved that the auditor's report be received and confirmed.

*Bradley*, for the defendants, objected that the statutory action of account can be maintained only for the recovery of rents and profits received by one co-tenant; or, at most, for what might have been received, and not for an average rental value of the common property; and cited Dig. 1844, p. 180; 1 Wheat. Selw. 2; 11 Eng. Stats. at Large, 161; *Irvine* v. *Hanlon*, 10 Serg. & Rawle, 221; *Sargent* v. *Parsons*, 12 Mass. 149.

*Knowles*, was stopped by the court.

AMES, C. J. The construction of 4 Anne, ch. 16, § 27, confining the action of account, as between joint-tenants and tenants in common and their representatives, to *actual* receipts by one, or more, of a greater share or proportion of the profits than has been received by the pursuing co-owners, is quite too narrow for the language employed by the General Assembly in the corresponding statute in our own digest. By our statute, (Rev. Stats. ch. 209, § 1,) the action is given, as between all co-

owners of property, real or personal, and their representatives, where " one or more of the owners of such common property shall take, receive, *use* or *have benefit* thereof, in greater proportion than his or their interest therein ; " and the account to be rendered is of " the *use* and profit of such common property." The concluding words of the section " for *receiving* more than his or their part or proportion," are thrown back, for their meaning, to the preceding part of the section, by the immediately succeeding words, " as aforesaid." In this respect, as well as in remedying the injustice of the common law, which permits one part-owner of a chattel to exclude his co-owner from the use of the joint property without liability to account, it is obvious, that our statute takes a much wider range than that of Anne, and that the cases cited on the part of the defendants, bearing upon the construction of that statute, and of statutes conceived in similar terms, have no application to ours.

The defendants exclusively used the manufacturing establishment, embracing real and personal estate, in which the plaintiff's intestate was jointly interested with themselves, in a business, of the profits of which he could claim no share, and to the losses of which, consequently, he ought not, in any form, to be subject. Under such circumstances, the rentable value of the estate, as in an ordinary action for use and occupation, affords the fairest and most palpable test of the value of the use of the interest in it represented by the plaintiff. Any other would subject the plaintiff to the fluctuations of a business in which he has no concern, or open an investigation into the mode in which the defendants managed their own affairs, of which the plaintiff can know nothing, with a view of ascertaining what profits they might have made during the term in the manufacture of cotton cloth, had they managed with due care and skill. As this test was adopted by the auditor in arriving at his result, his report must be confirmed, with costs, and with interest on the amount, found by him to be due to the plaintiff at the date of the report.